# ANIMALS—CRIMINAL LAW AND PRACTICE—PRINCIPAL AND AGENT.

[Cuyahoga (8th) Circuit Court, December 9, 1907.]

Winch, Henry and Marvin, JJ.

## GEORGE W. WOOD v. STATE.

1. PLEAS IN BAR OF PROSECUTION FOR CRUELTY TO GELDING MULE NOT SUSTAINED IN PROSECUTION FOR CRUELTY TO MARE MULE.

Where the owner of a mare mule is prosecuted for cruelty to the same, by causing his agent or driver to work it while its shoulder and chest were sore thus causing it much pain, a plea in bar will not be sustained, in which it is urged that the offense was a part of another offense of a similar nature committed on the same day for which he was prosecuted and convicted for cruelty to a brown gelding·mule, working ·in a different team, by a different driver, but on the same job, for the two acts, cruelty to the gelding, and cruelty to the mare, were two separate and distinct offenses committed by different agents of the principal.

2. PRINCIPAL RESPONSIBLE FOR ACT DONE BY AGENT IN COURSE OF HIS EMPLOYMENT.

The owner of mules being driven by his agents, without his having any personal knowledge of the condition of such mules, is nevertheless responsible for acts of cruelty committed by such agent upon such animal in the course of his employment and with the apparent authority of the principal.

[For other cases in point, see 1 Cyc. Dig., "Animals," § 100; 3 Cyc. Dig., "Criminal Law and Practice," §§ 122-125, 379; 7 Cyc. Dig., "Principal and Agent," §§ 276, 281, 328-334, 428-444.]

[Proof of this decision and syllabus has been submitted to Judge Marvin and corrected.]

ERROR to Cuyahoga common pleas court.

**Carpenter, Young & Stocker,** for plaintiff in error:

Cited and commented upon the following authorities: 1 Freeman, Judgments Sec. 225; Wharton, Crim. Plead. Sec. 254; *People v. Tinsdale,* 10 Abb. Pr. N. S. 374; *State v. Comfort,* 22 Minn. 271; *Rex v. Mowg,* 4 Car. & P. 364 (555); *Commonwealth v. Prescott,* 153 Mass. 396 [26 N. E. Rep. 1005]; *Woodford v. People,* 62 N. Y. 117 [20 Am. Rep. 464]; *Ben v. State,* 22 Ala. 9 [58 Am. Dec. 234]; *State v. Bosworth,* 54 Conn. 1 [4 Atl. Rep. 248]; *Muhlhauser v. State,* 25 O. C. C. 81; Harris, Crim. Law 313; *Clem v. State,* 42 Ind. 420 [13 Am. Rep. 369].

**B. J. Sawyer,** for defendant in error.

## MARVIN, J.

Wood was prosecuted before a justice of the peace for a violation of Rev. Stat. 6951 (Lan. 10610), punishing those guilty of cruelty to animals, the charge being that on April 4, 1907, in the city of Cleve-

land, in the county of Cuyahoga, and state of Ohio, one George W. Wood, did unlawfully and wilfully torture a certain animal, to wit, one brown mare mule, by then and there causing Robert Magruder to work and drive said brown mare mule, said brown mare mule then and there having her right shoulder and chest sore, caused by the rubbing of the collar and padding against said sore shoulder and chest of said brown mare mule, causing said brown mare mule much pain and suffering.

Upon the trial Wood was convicted and sentenced to pay a fine. To reverse this conviction he prosecuted error to the court of common pleas, where the judgment of the justice was affirmed; to reverse which, the present proceeding is brought. Wood set up as a defense, first, a plea in bar, and in support of it offered evidence showing that he was prosecuted and convicted for cruelty to a brown gelding mule, the offense having been committed on the same day that he was charged in this prosecution with having been guilty of cruelty to the brown mare mule.

The evidence on this plea showed that Wood was part owner of several teams of mules, all working on one job of excavation, being handled and driven by different drivers. The mare, for cruelty to which this prosecution was instituted, was working in a team driven by Magruder. The gelding, for cruelty to which he had already been punished, was working in a different team, driven by a different driver, but the work was all being done, as already stated, on the same job and under the same superintendent or manager.

It is urged that the cruelty to the mare was a part of the same act as the cruelty to the gelding, for the reasons already stated. This plea in bar was not sustained by the justice, nor should it have been,—the two acts, cruelty to the gelding, and cruelty to the mare, were two distinct and separate acts, done by different agents of the plaintiff in error. As well might it be said that if a saloonkeeper were prosecuted for selling liquor, in violation of law, on the first day of the week, and it should turn out that sales were made by two different bar tenders in the saloon to two different people at the same time, that the saloonkeeper had committed but one offense; because both sales were in the same saloon and at the same time. This would border so closely upon the absurd that we suppose no one would make the claim that a conviction for one of these sales would be a bar to a prosecution for the other. The fact that each of the two mules were working on the same job, so long as they were not in the same team, but were being handled by different drivers surely does not make the cruelty to the one the

### Wood v. State.

;same act as the cruelty to the other, and it is the act which was done by the agent of Wood in the prosecution for cruelty to the mare that was on trial in this case; that act being a different one from the act of cruelty to the gelding, and each being an act in violation of the statute, which constituted an offense punishable under the statute.

Suppose the cruelty to the gelding, for which he had already been punished, was of the mildest form to justify conviction under the statute, consequently such as to justify only the infliction of the mildest penalty provided by the statute; and supposing that the affidavit for cruelty to the gelding had been made by A, and the accused had plead guilty, and this mildest penalty inflicted, and the affidavit for cruelty to the mare had been made by B and the cruelty to the mare had been such as to justify the infliction of the severest penalty allowed by law; it would be manifestly a miscarriage of justice to allow the prosecution for cruelty to the mare to be barred by what had been done in reference to cruelty to the gelding.

The court having overruled the plea in bar the case proceeded to trial, resulting in the conviction of Wood. It is urged that upon the facts of the case Wood should not have been convicted, because it is not shown that he had personal knowledge of the condition of this mare at the time when the cruelty is said to have been inflicted. The evidence shows that he was in the city of Cleveland; that he was having this work done; that he had a driver of the team in which this mare worked, and that he was working her in such wise as to clearly constitute cruelty to her under the statute.

In the case of *Anderson* v. *State,* 22 Ohio St. 305, the court discusses the question of the criminal liability of a principal where the wrongful act is done by an agent. In that case the statute under consideration provided that "it shall be unlawful for any person or persons, by agent or otherwise, to sell intoxicating liquors," etc.

The claim in the case was made that the agent violated the instructions of his principal, and the court held that if the agent had violated the statute without the knowledge of his principal, and in violation of his instructions given in good faith, the principal would not be criminally liable and attention is called to the language of the statute "by agent or otherwise," which language was used to show expressly and unequivocally that the act was intended to embrace every means that the person charged might employ in effecting the illegal sale. So that that case alone would not be authority for the proposition that the act·of the agent is necessarily to be held to be the act of the principal. In the case of *Meyer* v. *State,* 54 Ohio St. 242 [43 N.

E. Rep. 164], it is held: "The manager of a mercantile corporation is subject to a fine under the provisions of the 'act to provide against the adulteration of food and drugs,' when the adulterated article is sold or offered for sale by an agent of such corporation acting within the scope of his authority."

Applying that principle to the case at bar it would seem that the principal here would be *prima facie* liable for the act of his agent. That he might defend upon the ground that the agent was acting in violation of his orders, or by showing that he had no knowledge of what was being done, and that he could not by the exercise of reasonable diligence have known of the acts of the driver. This is held in the case of *Muhlhauser* v. *State*, 25 O. C. C. 81. In that case Mrs. Muhlhauser was prosecuted for cruelty to animals which were in charge of her agent on a farm in Lake county. She resided in the city of Cleveland. The evidence tended to show that her agent had been guilty of cruelty to the animals on the farm, in failing to provide them with wholesome water and suitable pasture and other food. The court held, upon the showing on the part of Mrs. Muhlhauser, that she had no knowledge of this cruelty; that she resided at a distance of some twenty-five or thirty miles away, and that she had given proper instructions for the care of the animals in good faith, it made a complete defense for her, but there is no intimation that a *prima facie* case was not made against her by showing the cruelty on the part of her agent.

In Mechem, Agency Sec. 746, it is said:

"As a general rule he" (the principal) "cannot be held criminally liable for the act of his agent committed without his knowledge or consent. There is, however, a class of cases, as has been seen, where, by statutory enactment, the doing of a certain act, otherwise perhaps innocent or indifferent, or at the most not criminal, is expressly prohibited under a penalty. Of this class are many of the statutes in the nature of police regulations which impose penalties for their violation, often irrespective of the question of the intent to violate them; the purpose being to require a degree of diligence for the protection of the public which shall render violation exceedingly improbable, if not impossible. * * * It is the duty of the principal to see to it that such statutes are not violated by his agents in the course of their employment. * * *

"Instances of these principles may be found in the case of the publication of libels; the smuggling of goods; the sale of unwholesome or adulterated food; the erection or continuance of nuisances; the transportation of forbidden goods; the transaction of business without a

Wood v. State.

license and the like. Frequent illustrations are also found in the statutes regulating the traffic in intoxicating liquors. * * * a baker has been held liable to a criminal charge for selling adulterated bread, although the adulteration was put in by his servant, and although he did not know that it was used in improper quantities; the directors of a gas company have been held liable to an indictment for a nuisance created by their superintendent, acting under a general authority to manage the works, though they were personally ignorant of the particular plan adopted, and although it was a departure from the original and understood method, which they supposed him to be following. * * *

"Where the criminal act is committed by a known agent, this is *prima facie* evidence of the principal's authority, but he may rebut the presumption by showing that the act was not in fact authorized or assented to by him."

In the case of *Commonwealth* v. *Nichols*, 51 Mass. (10 Metc.) 259 [43 Am. Dec. 432], it is said in the syllabus:

"Sale by servant, in the shop of the master, is only *prima facie* evidence of such sale by the master as would subject him to the penalty for violating the statute forbidding the sale of spirituous liquors without a license."

The case of *Rex* v. *Dixon*, 4 Campbell 12, is the case referred to in Mechem on Agency, hereinbefore quoted, and the syllabus reads:

"A baker who sells bread containing alum in a shape which renders it noxious, is guilty of an indictable offense, if he ordered the alum to be introduced into the bread, although he gave directions for mixing it up in a manner which would have rendered it harmless."

This is a very old English case, but it is cited, apparently with approval by Mechem, and the cases to which attention has been called in this opinion seem to us to justify the holding that where the act is done by the agent in the course of his employment and with the apparent authority of the principal, a *prima facie* case is made out against the principal. We reach the conclusion, therefore, that was reached by the court of common pleas, and its judgment is affirmed.

**Winch** and **Henry, JJ.,** concur.